YOUTCEY, Appellant, v. BADGER SCHOOL DISTRICT NO.
43 in Davison County, South Dakota, et al., Respondents.

(184 N. W. 201.)

(File No. 4919.   Opinion filed August 15, 1921.)

1. School Districts—Division of Districts—School House in New
   District Burned—New District Bond Election Re School
   Building in New Location, Resolution Re Bonds and Location,
   Election Notice, Majority Vote Favorable—Right to Erect
   School On Old Site, Title to Old Site.

   Where, after division of a school district into two new ones,
   one of the five schoolhouses in such original district was lo-
   cated in one of the new districts but was thereafter destroyed
   by fire, the school thereafter having been conducted in town
   hall in L.; title to site of burned building being in the civil
   township embracing these districts; a bond election in the new
   district having been held and bonds voted by majority vote;
   held, in a suit to enjoin issuance of such bonds, that the
   equitable title to and sole beneficial use of the schoolhouse site
   was transferred by division of the property and operation of
   law, to the new district, and is the lawful schoolhouse site until
   changed pursuant to statute.

2. Same—Formation of New School District, Whether Requiring
   New Selection of School House Site, Non-requirement of New
   Selection.

   The formation of a new school district does not require a
   new selection of a schoolhouse site situated in the new district,
   regardless of an existing site awarded to such district, there
   being nothing in the statute or in reason requiring this to be
   done.

3. Same—Division of School Districts, Existing School House Site
   in New District, Selection of New Site and School House Con-
   struction—School House Bond Election, Whether Valid Selec-
   tion of New Site—Statutes Construed.

   Under Sec. 7456, Code 1919, authorizing electors at annual
   school district election to instruct school board "in matters
   pertaining to the management of the schools for the coming
   year * * *," at which meeting electors may "instruct the
   board pertaining to * * * the erection of a new schoolhouse,
   or the sale of an old one and the lands belonging thereto
   * * *," and making it the duty of the board to execute such
   instructions "as shall have received a majority vote of the
   electors of the district;" Sec. 7457, providing that five legal
   voters may petition clerk to call special meeting of voters at
   any time, and making it duty of clerk to call meeting by post-
   ing notice, etc., which shall give the date, hour and object of

the meeting; held that the latter section is supplementary to
Sec. 7456, and authorizes meeting of voters to act upon matters
overlooked or neglected at the annual meeting or arising since,
which would include erection of a new schoolhouse; specific
instruction being necessary to authorize erection of a new
schoolhouse in any case.    That by Sec. 7495 it is made duty
of school board "to purchase or lease schoolhouse sites; build,
hire, purchase, sell and remove schoolhouses when lawfully
directed by the electors of the district and to carry into effect
all orders of the same;" that by Sec. 7496, as amended by
Chap. 180, Laws 1919, it is made duty of school board to
acquire land as a schoolhouse site, "legally chosen as the
schoolhouse site by a lawful district meeting;" and held, that
under Sec. 7456 and said other section, the erection of a new
schoolhouse, or selection of a schoolhouse site when necessary,
may be authorized by voters at the annual school meeting, or
at a special meeting called pursuant to Sec. 7457; that bond
elections are held under different statutory provisions, special
meetings of voters requiring 10 days, while bond elections
require 20 days notice, and the use of ballot in form prescribed
by Sec. 7593; and nothing in any of these statutes contemplates
selection of a schoolhouse site at a bond election.    Therefore
held, that the holding of a bond election in a new school dis-
trict containing a schoolhouse site the schoolhouse upon which
had been burned, for the purpose of voting bonds from which
to build and furnish a schoolhouse on a new and specified site,
notices of which election were posted only 16 days prior to date
of election, and a majority vote in favor of the bonds, was in-
effectual either for purpose of bonding the district or erection
of such proposed schoolhouse.

4.   Same—Providing New School House Site and Building, Old site
     in Center, Proposed Site More Than 160 Rods Distant—Two-
     thirds Vote Necessary to Change—Invalid Election—Erron-
     eous Refusal of Injunction.

     Where the site of an old schoolhouse which had been burned
was at center of the district as defined by statute, and that of
a new proposed site was more than 160 rods distant from
such center, held, construing Sec. 6494, Code 1919, that a two-
thirds vote is required to change such site; hence an election
purporting to be for voting upon bonds from which to purchase
a new site and erect thereon a school building, whether the
question voted on at the bond election be viewed as a two-
fold proposition, viz. (a) for issuance of bonds (b) for re-loca-
tion of the site—or whether as a single proposition viz: for
issuance of bonds for building on a new site, the result would
be the same; since under the former view the double propo-
sition would not be divisible, and would therefore fail be-

cause one of the propositions failed, while under the latter view it would fail because of a lack of a two-thirds vote to authorize the change; and no authority was thus given by voters to issue bonds; and trial court erroneously refused pendente injunctional order enjoining bond issue. So **held,** where the resolution preceding the election was for a bond election from which to build and furnish a schoolhouse and for purchasing grounds for same to be located on a new site, which bonds were carried by only a majority vote.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by J. F. Youtcey, a resident elector and taxpayer, against Badger School District No. 43 in Davison County, South Dakota, etc., and others, to enjoin further issue of school district bonds. From an order denying an injunction pending an appeal to the Supreme Court, plaintiff appeals. Reversed.

*Miller & Mitchell,* for Appellant.
*Spangler & Wire,* for Respondent.

(3) Under point three of the opinion, Appellant submitted: That under Sec. 7496, Code 1919, school site must be chosen by electors before school board can lawfully take and hold such site, regardless of what may have been done by way of division of property between old and new district; that Sec. 7495 aids this conclusion; that the legal title to the proposed site is in Badger civil township; that when Dist. No. 43 was organized, its electors had power to select a school site therefor; that in voting the bond issue they thereby selected the Wendleboe site, otherwise the electors have not yet exercised power to select one, pending exercise of which power no schoolhouse can be constructed; that as Dist. No. 43 does not own the site in S. E. corner of Sec. 22, the board has no power to build a new schoolhouse thereon; that Sec. 7484 does not empower the board to do so. That Sec. 7456 empowers electors to say when new building shall be erected, etc., a power not restricted by the proviso; and cited: Farmers & Mer. Nat. Bank v. School Dist. No. 53, 6 Dak. 255; Capital Bank v. School Dist. No. 53, 1 N. D. 485, 48 N. W. 363.

Respondents submitted that: To locate this schoolhouse on the Wendleboe site would take it from center of district on less than a two-thirds vote—contrary to Sec. 7494; that under Secs.

7484 and 7456, it is mandatory on school board to "conveniently locate schools;" and while permissible for electors to instruct the board concerning erection of a new schoolhouse, such instructions shall not prevent board from exercising discretion; that question of a site is not here in issue, but question is whether board has right to erect new building on present site in lieu of that burned down, that it has such right without authority from electors; that the source of Sec. 7495 is Sec. 121, Ch. 135, Laws 1907; that Sec. 81 of said chapter harmonizes with Sec. 121; under which school board is obligated to execute electors' instructions; that Sec. 81 is now Sec. 7456, Code 1919, as amended by 1919 Sessions, page 164, under which latter section the provision imposing upon board the duty to carry out electors' instructions disappears, and in lieu thereof is the proviso "that nothing contained herein shall prevent the district board from exercising a sound discretion," etc.; that the contention that School Dist. No. 43 does not own title to the ground seems a contradiction of the facts in view of the deed of record and the action of county commissioners.

SMITH, J. · Appeal from an order of the trial court denying an injunction pending an appeal to this court.

Plaintiff, a resident elector and taxpayer, who is appellant here, brought an action in the circuit court of Davison county, to enjoin the defendant school district and its officers from entering into a contract for the erection of a schoolhouse. Affidavits used on the hearing disclose that the defendant school district was organized April 19, 1918; that it was formerly a part of Badger township school district No. 2; that prior to the organization of defendant school district, Badger township No. 2 had five schoolhouses; that, in the apportionment of property between the old and new districts, the schoolhouse located in the new district was awarded to, and was used by, the new district until the fall of 1920, when it was destroyed by fire, since which time school has been conducted in the town hall in the village of Loomis; that the tract of ground on which this schoolhouse stood was owned by the civil township under a deed containing certain conditions which are not material to the conclusion reached.

On or about May 11, 1920, a petition signed by more than

one-third of the voters of the new district was presented to the defendant school board, asking:

That the question of issuing $30,000 in bonds for the purpose of building and furnishing a schoolhouse and purchasing grounds known as the "Wendleboe" site adjoining block 5 in the village of Loomis, upon which to locate the same, be submitted to a vote of the electors: that on the 24th day of May, 1920, the school board, at special meeting, passed a resolution submitting said question to a vote of the electors on June 13th, which resolution recited:

"Whereas, a legal petition signed by more than one-third of the legal voters of said school district No. 43, Badger township, Davison county, S. D., asking for school bonds to be issued by the said district in the sum of thirty-thousand dollars ($30,000) for the purpose of building and furnishing a schoolhouse and purchasing grounds for same, to be located on the 'Wendelboe site' * * * adjoining block 5, in Loomis, S. D., etc., and that the question of issuing school bonds in the sum of thirty thousand dollars ($30,000) be submitted to the qualified voters of said district at the election to be held in said school district for that purpose."

That on May 28th notices of such election were posted at three public places in the said district, which notices stated that a vote would be had on the—

"question of issuing bonds for said district to the amount of thirty thousand dollars ($30,000) for the purpose of building and furnishing grounds for same to be located on the 'Wendleboe site' * * * adjoining block 5 in Loomis, S. D. * * *"

That the question submitted to the voters at said election was on ballots reading as follows:

| |
| --- |
| For Issuing Bonds |

| |
| --- |
| Against Issuing Bonds |

That there were 46 votes in favor of issuing bonds and 33

votes against; that, at a meeting held on February 25, 1921, the board adopted plans and specifications for a new schoolhouse; that the electors of the district have never selected a site on which to build the new schoolhouse, unless such site was selected by the vote on the bond issue, nor have the voters instructed the board to build any schoolhouse except such instructions as may be presumed from the vote on the bond issue; that appeals were taken from the action embodied in the two resolutions above recited, which appeals are still pending and undetermined in the circuit court of Davison county; that the school board disposed of $5,000 of the school bonds; and that they propose to expend this money in building a new schoolhouse on the site of the old schoolhouse.

The validity of these proceedings was attacked in the injunction action involved in this appeal. The ultimate questions are whether the school board, under circumstances disclosed by the record, have authority to erect a schoolhouse on the site of the former building destroyed by fire, or at all.

[1] Appellant urges as principal grounds for injunction:

First, that the defendant officers propose to erect a schoolhouse on a site to which the district has no title—in that the title was originally conveyed to, and is still in, the old civil district. This contention cannot be sustained. The equitable title to and sole beneficial use of the schoolhouse site was transferred by the division of the property and the operation of law, to the new district, and is the lawful schoolhouse site until changed in the manner provided by the statute.

[2] Appellant next contends that the formation of a new district requires a new selection of a schoolhouse site, regardless of an existing site awarded to a new district. We do not concur in this view. Nothing in the statute, or in reason, requires this to be done.

[3] But appellant further contends, if the old site be held to be the property of the new district, that the electors of the new district, at the bond election, did select the Wendleboe site, and authorize the erection of a new schoolhouse thereon, and that the officers of the district have authority to erect a new schoolhouse on that site, and none other. This contention presents the question whether the proceedings had in connection with

the bond election constitute a valid and lawful selection of a new site for a schoolhouse, and also authorize the construction of a new schoolhouse. Section 7456 provides that at the annual common school district election the electors—

"shall have authority to instruct the board in matters pertaining to the management of the schools for the coming year. * * * At this meeting the electors may instruct the board pertaining to * * * the erection of a new schoolhouse, or the sale of an old one and the lands belonging thereto, * * * and it shall be the duty of the district board to carry into execution all such instructions as shall have received a majority vote of the electors of the district [present at the meeting], * * *"

In this connection we note that section 7457 provides that five legal voters may petition the clerk to call a special meeting of the voters at any time; and that—

"It shall be the duty of the clerk to call such meeting by posting notices, at least 10 days prior to the time of the meeting, in three of the most public places in the district. Such notices shall give the date, hour, and object of the meeting."

Clearly, this latter section is supplementary to section 7456, and was intended to authorize meetings of the voters to take action upon matters overlooked or neglected at the annual meeting, or arising since the annual meeting, and which would include the erection of a new schoolhouse. We are of the view that specific instructions are necessary to authorize the erection of a new schoolhouse in any case.

By section 7495 it is made the duty of the school board—
"to purchase or lease schoolhouse sites; build, hire, purchase, sell and remove schoolhouses when lawfully directed by the electors of the district, and to carry into effect all orders of the same."

By section 7496 as amended by chapter 180, Laws 1919, it is made the duty of the school board to acquire land not exceeding two acres, etc., as a schoolhouse site "legally chosen as a schoolhouse site by a lawful district meeting."

Under section 7456 and the sections last above referred to, we think it is clear that the erection of a new schoolhouse or the selection of a schoolhouse site, when necessary, may be authorized by the voters at an annual school meeting, or at a special meeting called pursuant to section 7457. Bond elections are

held under different statutory provisions. The statute fixes the ·date of the annual meeting. Special meetings of the voters require 10 days' notice. Bond elections require 20 days' notice (which was not given in this case, notices of election having been posted on May 28th and the election held on June 13th), and the use of a ballot in the form prescribed by the statute (section 7593.) We find nothing in any of these statutes which seems to: contemplate the selection of a schoolhouse site at a bond election. ·It follows that appellant's contention as to the selection of the Wendleboe site cannot be sustained.

[4] The record also discloses that the site of the old schoolhouse was at the center of the district; as defined by the statute, and that the Wendleboe site was more than 160 rods distant from the geographical center.

A two-thirds vote would be required to change such site. Section 7494, Rev. Code 1919. Therefore, in any event, whether the question voted upon at the bond election be viewed as a twofold proposition—viz. (a) for the issuance of bonds, (b) for a re'ocation of the site—or whether it be viewed as a single proposition—viz. for the issuance of bonds for building upon the Wendleboe site— the result would be the same. Under the former view the double proposition would not be divisible, and would therefore fail because one of the propositions failed. Under the latter view it would fail because of the lack of a two-thirds vote to authorize the change of the site. It necessarily follows, from all the facts above stated that no authority to issue bonds was given by the voters at the election, and therefore that the trial court erred in refusing the pendente order, and that the trial court must be reversed.